IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE J. LOCKHART    ) | |
| ) | |
|     Plaintiff,    ) | |
| ) | |
| v.    ) | CASE NO. 3:13-cv-679-TFM |
| ) | [wo] |
| CAROLYN W. COLVIN,    ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
|     Defendant.    ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Jacqueline Lockhart ("Plaintiff" or "Lockhart") applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, on August 11, 2011 alleging that she became disabled on July 1, 2011 (Tr. 102). The application was denied at the lower levels of determination. Upon a timely request, Lockhart provided testimony at an administrative hearing held on January 28, 2013. The hearing was held before the Honorable Maria Kusznir, U.S. Administrative Law Judge ("ALJ"). Lockhart received a fully favorable decision from the ALJ on May 6, 2013 (Tr. 11).

In her decision, the ALJ determined that Lockhart had not engaged in substantial gainful activity at any time relevant to her decision. (Tr. 17). The ALJ found that Lockhart suffered from the following medically severe impairment: obesity, pituitary tumor removal, migraine headaches, hypertension, depression and cognitive disorder. Despite her medically severe impairments, the ALJ concluded that Lockhart did "not have an impairment or

combination of impairments that meets or medically equals one of the listed impairments in 20 CFC Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)" (Tr. 19).

Next, the ALJ determined that Lockhart had the following residual functional capacity:

> [T]o perform light work as defined in 20 CFR 404.1567(b) but she cannot walk more than two hours in a day. From a mental perspective, the claimant has the residual functional capacity to understand and recall simple material but could not process detailed or complex information. The claimant could execute simple one or two step commands, but could not follow detailed or complex serial instructions. The claimant would show irritable distractibility if required work in very close proximity to numerous others, but effect would fade with exposure. The claimant's contacts with the general public in work situations should be brief, superficial and infrequent. The claimant could be expected to respond adequately to direct, non-confrontational supervision. The claimant could adapt to simple, gradual, well-explained workplace changes. However, due to the combination of physical (obesity, migraines, blood pressure irregularities, pituitary tumor residuals, hormonal imbalances) and mental issues, she cannot sustain a 40-hour workweek on a regular and continuing basis and would require more than three breaks a day and more than two absences a month.

(Tr. 20).

Based upon the above RFC, the ALJ found that Lockhart was unable to perform any of her past relevant work. (Tr. 22). The ALJ also found that Lockhart did not have any acquired job skills that would transfer to other occupations within the RFC defined above. Based on the testimony of the vocational expert, the ALJ held that considering Lockhart's "age, education, work experience, and residual functional capacity, there [were] no jobs that exist in significant numbers in the national economy that [she could] perform" (Tr. 22). The ALJ also found "that, considering the claimant's age, education, work experience and

residual functional capacity, a finding of "disabled" is appropriate." (Tr. 23). As such, the ALJ determined that Lockhart had been under a disability as defined by the Social Security Act since July 1, 2001, the alleged onset date of disability (Tr. 23).

On July 1, 2013, however, Lockhart received a Notice of Appeals Council Action indicating that it was reviewing the ALJ's fully favorable decision and proposed to find that she was not disabled (Tr. 95-99). Thereafter, Lockhart received Notice of Appeal Council Decision Unfavorable dated August 28, 2013. In its decision, the Appeals Council found in pertinent part, as follows:

> The Administrative Law Judge found that the claimant can perform light work as defined in 20 CFR 404.1567(b), with additional non-exertional limitations that include, in pertinent part, that due to the combination of physical and mental issues, she cannot sustain a 40-hour workweek on a regular and continuing basis and would require more than three breaks a day and more than two absences a month (Finding 5). She then found that the claimant was disabled under the framework of Medical-Vocational Rule 202.21, 20 CFR Part 404, Subpart P, Appendix 2 (Finding 10). Upon careful review of the entire record, including an audit of the hearing, we conclude that substantial evidence does not support the decision.
> Substantial evidence does not support the finding that the claimant cannot sustain a 40-hour workweek on a regular and continuing basis, that she would require more than three breaks a day, and that she would have more than two absences a month. The hearing decision gave substantial weight to the November 2, 2011, psychological consultative examination performed by Lee Stutts, Ph.D. (Exhibits 10F and Decision, page 7). During the examination with Dr. Stutts, the claimant reported that she has not felt the same since her surgical procedure to remove a pituitary tumor (Exhibit 10f, page 2). On examination, the claimant presented with a restricted affect and reported some depressive symptoms (Exhibit 10F, pages 102). She was unable to recall the day or date, perform serial 7s, or make change (Exhibit 10F, page 2). Dr. Stutts estimated the claimant's IQ to be low average to borderline (Exhibit 10F, page 3). This assessment is consistent with a September 10, 1980 administration of the Wechsler Intelligence Scale for Children – Revised, that assessed the claimant with a Full Scale IQ of 76 (Exhibit 1F, page 4).

> The decision also gave great weight to the November 22, 2011, mental residual functional capacity assessment by the State agency psychiatric consultant Samuel Williams, M.D. (Exhibit 12F and Decision page 7). Dr. Williams' assessment was largely consistent with the residual functional capacity in the decision, except it did not include the limitation that the claimant could not sustain a 40-hour workweek, that she would require three breaks a day and that she would be absent for than twice a month (Exhibit 12 F, page 3). Dr. Williams did opine that the claimant would miss one day of work per month because of her mental impairments (Exhibit 12 F, page 3). A review of the record does not reveal any treatment for her mental impairments, which is consistent with the claimant's report to Dr. Stutts that she went to a mental health clinic a month earlier, but did not obtain an appointment (Exhibit 10F, page 1). Additionally, the decision does not provide any rationale supporting the greater limitations and specifically stated with respect to the assessment of Dr. Williams that "the evidence received into the record after the initial determination did not provide any new or material information that would significantly alter findings about the claimant's functional limitations" (Decision, page 7). Accordingly, we adopt the mental residual functional capacity assessment completed by Dr. Williams and the limitation to light work assessed by the Administrative Law Judge in the decision.

(Tr. 4-5). As a result, the Appeals Council's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *Id.* Lockhart appeals from the Commissioner's final decision and has exhausted all administrative remedies. Judicial review proceeds pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 636(c). After careful scrutiny of the record and briefs, for reasons herein explained, the Court REVERSES and REMANDS the Commissioner's decision.

## I. NATURE OF THE CASE

Lockhart seeks judicial review of the Commissioner's decision denying her application for disability insurance benefits. United States District Courts may conduct limited review of such decisions to determine whether they comply with applicable law and

are supported by substantial evidence. 42 U.S.C. § 405. The Court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id*.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is a limited one. The Court's sole function is to determine whether the ALJ's opinion is supported by substantial evidence and whether the proper legal standards were applied. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

"The Social Security Act mandates that 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'" *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting 42 U.S.C. §405(g)). Thus, this Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the evidence preponderates against the Commissioner's findings. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir.

1991) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth*, 703 F.2d at 1239).

The Court will also reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).  There is no presumption that the Commissioner's conclusions of law are valid.  *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (quoting *MacGregor*, 786 F.2d at 1053).

### III. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[1]  *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and

---

[1] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[2] Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

---

[2] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

>  (1) Is the person presently unemployed?
>
>  (2) Is the person's impairment(s) severe?
>
>  (3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[3]
>
>  (4) Is the person unable to perform his or her former occupation?
>
>  (5) Is the person unable to perform any other work within the economy?
>
>  An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). Claimants establish a prima facie case of qualifying disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*. To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's

RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or hear testimony from a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## VI. ISSUES

Lockhart raises a single issue for review:

(1) Whether the Commissioner's decision should be reversed and benefits awarded due to the unrebutted pain standard finding entered by the ALJ which credited Lockhart's pain and other subjective symptoms. *See* Doc 12 at p.5.

## VII. ANALYSIS

Plaintiff argues that that the Commissioner's decision should be reversed and benefits awarded due to the unrebutted pain standard finding entered by the ALJ which credited Lockhart's pain and other subjective symptoms testimony. The Eleventh Circuit has established a three-part pain standard which applies when a claimant asserts disability through testimony of pain or other subjective symptoms. That standard requires 1) evidence

---

[3] This subpart is also referred to as "the Listing of Impairments" or "the Listings."
[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2; *see also* 20 C.F.R. § 416.969 (use of the grids in SSI cases).

of an underlying medical condition, and either 2) objective medical evidence confirming the severity of the alleged pain arising from that condition or 3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to cause the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995). The Court has carefully reviewed the opinion of the Appeals Council and observes that the pain standard is not discussed in the opinion (Tr. 4-7). Nor is there any discussion by the Appeals Council of the Plaintiff's credibility. *Id.* at 1562 (citing *Smallwood v. Schwieker,* 681 F.2d 1349, 1352 (11th Cir.1982) ("[a] lack of explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.") . On this basis alone the court concludes that this case is due to be remanded for further consideration of Plaintiff's testimony of pain and application of the pain standard.

Indeed, it is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Savor v. Shalala,* 868 F. Supp. 1363, 1366 (M.D. Fla. 1994). This Court has recognized that

> [i]n Social Security cases, claimants allege disability. At the administrative level, their benefits, and their livelihoods, in essence, may have been denied. When sitting with their families and their lawyers to determine the bases for denial of benefits**, they are entitled to know and understand, with a reasonable certainty, the reasons for the denial**. The ALJ's opinion in this case does not adequately address that entitlement. Moreover, the ALJ is required to explain his findings explicitly not just for the claimant's benefit. Clear and specific findings are also the *sine qua non* of effective review in this court.

*Cook v. Barnhart,* 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004). In this instance the Appeals Council has wholly failed to perform its function.

In her decision, the ALJ found that Lockhart's "medically determinable impairments **could reasonably be expected to produce** the alleged symptoms, and that [her] statements concerning the intensity, persistence and limiting effects of these symptoms [were] **generally credible**" (Tr. 20). (Emphasis added). In so holding, the ALJ provided detailed rationale writing that:

> Social Security Ruling 96-7p authorizes me to make and consider personal observations before rendering a decision, and I note that I observed the claimant's statements of record and her hearing testimony to be honest and candid; spontaneous; straightforward; responsive to questions presented; sincere; and **generally consistent** with her medical history, including the evidence noted above.

(Tr. 21). (Emphasis added).

The court also concludes that the ALJ specifically determined that Lockhart's medically severe impairments could be reasonably expected to produce the alleged symptoms and that Lockhart's statements regarding the intensity, persistence, and limiting effects were generally credible. In support of such finding, the ALJ provided detailed rationale articulating how her credibility finding was supported by both the evidentiary record and Social Security Ruling 96-7p (Tr. 18-22). Indeed, the Court concludes after a close reading of the ALJ's opinion and an independent review of the record, that the ALJ properly exercised her regulatory discretion and credited Lockhart's testimony of pain and other subjective symptoms and included the effects caused thereby into her RFC finding (Tr. 20). *See Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991) (the ALJ has discretion to determine whether or not the claimant's complaints of pain or other subjective symptoms are credible.)

The Commissioner argues that the residual functional capacity finding made by the Appeals Council is supported by substantial evidence. Specifically, the Commissioner argues that its RFC is supported by testimony of Dr. Williams, the state agency psychiatrist and Dr. Stutts, the examining psychologist. Because neither of these doctors found that plaintiff was disabled, the Commissioner argues its RFC is supported by substantial evidence. This argument, however, totally ignores the Plaintiff's testimony of her depression and cognitive disorder and other severe impairments which the ALJ credited. (Tr. 18-19). The Commissioner argues, in essence, that since Dr. Williams considered all of Plaintiff's subjective complaints, when he opined that Plaintiff could perform work within certain mental functional limitations, that this somehow absolved the Commissioner from applying the pain standard and making credibility findings. The Commissioner further implicitly argues that the medical opinions of record also relieved the Commissioner from explaining why the ALJ erred in finding Plaintiff's testimony credible and why the ALJ's findings of additional functional limitations were erroneous. This argument is not supported by law. *See Foote v. Chater,* 67 F.3d at 1560.

Accordingly, the court concludes that remand to the Appeals Council is proper for the Commissioner to fully consider the Plaintiff's testimony, make findings of credibility, and apply the pain standard in accordance with *Foote v. Chater, id.,* and to more fully explain its reasons for discounting the ALJ's findings as to Plaintiff's RFC.

## VIII. CONCLUSION

Accordingly, the court concludes that this case is due to be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. It is ORDERED that in accordance with *Bergen v. Comm'r, of Soc. Sec.,* 454 F. 3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406 (b). *See also Blitch v. Astrue,* 261 Fed. Appx. 241, 242 fn. 1 (11th Cir. 2008).

A separate order shall accompany this opinion.

DONE this 31st day of March, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE